<hr/>

## THE D. J. SAWYER.

(Circuit Court of Appeals, First Circuit. November 17, 1916.)

### No. 1227.

1. COURTS ⬤⟿350—FEDERAL COURTS—DEPOSITIONS—NOTICE—SUFFICIENCY.

Where claimants of a vessel libeled had notice of a deposition taken under Rev. St. § 863 (Comp. St. 1913, § 1472), but did not appear or cross-examine a witness, they had sufficient opportunity for objection, either to the taking or to the interrogatories or answers, and could not complain that they were not notified of the filing of the deposition; it not clearly appearing, under the local law of Porto Rico, where the deposition was used, whether they were entitled to notice of filing.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 923; Dec. Dig. ⬤⟿350.]

**2. ADMIRALTY ☞41—LIBELS—ADDITION OF PARTIES.**

A vessel libeled was released on a stipulation signed by sureties. At trial, leave was given to amend the libel, so as to make the original libelant and another joint parties libelant as partners, instead of the original libelant individually. *Held* that, as amendment of the answer of claimants by adding a denial of the partnership was allowed, and as the cause of action was not changed, or the liability of the sureties increased, claimants cannot complain.

[Ed. Note.—For other cases, see Admiralty, Cent. Dig. §§ 350–368; Dec. Dig. ☞41.]

**3. ADMIRALTY ☞66—LIBEL—AMENDMENTS.**

Where leave to make trial amendments to the libel and answer is obtained, such amendments should be put in form and entered of record before final decree is entered.

[Ed. Note.—For other cases, see Admiralty, Cent. Dig. §§ 519–538; Dec. Dig. ☞66.]

Appeal from the District Court of the United States for the District of Porto Rico; Peter J. Hamilton, Judge.

Libel by Eduardo Lutz and another against the schooner D. J. Sawyer, which was claimed by Ofelia Martinez and others. From a decree for libelants, claimants appeal. Affirmed.

E. Ramirez Nadal, of Mayaguez, Porto Rico (Pascusio Fajardo Martinez, of Mayaguez, Porto Rico, on the brief), for appellants.

Jose R. F. Savage, of San Juan, Porto Rico, for appellees.

Before DODGE and BINGHAM, Circuit Judges, and ALDRICH, District Judge.

PER CURIAM. [1] We find no error either in the admission of Diaz's deposition or of Exhibit K annexed thereto. This deposition, taken six months before, at Pensacola, under Rev. St. § 863 (Comp. St. 1913, § 1472), was filed January 18, 1916, at the trial which took place on that day, at Mayaguez. It appears to have remained unopened until then, in the clerk's custody, since its return. The only objection made at the trial to its admission was, according to the record, that the appellants' proctor had had no notice of its being taken. The complaint made here is that he had had no notice of its being filed; that he was duly notified of its taking, he admits. The objection made here, however, would seem to have been passed upon by the District Judge, who states in his opinion that the local rules applicable require no notice of the filing. The question is thus, at most, one of compliance with local rules, after examination of which we are not satisfied that the court wrongly understood or applied them. If the appellants had due notice of the taking of the deposition, they have had all the opportunity for objection, either to the manner of taking or to the interrogatories or answers, to which they were entitled. Notwithstanding the notice, they did not appear, and there was no cross-examination of the witness.

[2] Nor do the appellants satisfy us that there was error in granting leave at the trial to amend the libel, so as to make Lutz and Diaz, as partners, joint parties libelant, instead of Lutz individually.

Amendment of the answer by adding a denial of the partnership thus alleged was allowed at the same time. That another libelant was thus joined, neither prejudiced the appellants' rights nor increased the liability undertaken by the sureties in the stipulation given 'for release of the schooner. No new cause of action was added. If her owners were liable for breach of the charter party sued on, it could make no difference to them whether they were liable to Lutz only, or to Lutz and Diaz as partners.

[3] Though the record shows that the parties had leave to amend their respective pleadings as above, it does not show that said amendments were in fact put in form or entered of record before the final decree was entered. We do not approve of this practice, but as no error has been assigned in respect of this omission, and as the appellants were not prejudiced, we do not deem it of sufficient importance to justify disturbing the decree.

Much of the appellants' argument here is to the effect that the proofs did not support the finding below that Lutz and Diaz were in fact partners under the name of E. Lutz. This finding has not been separately and specifically assigned as error, and even if the question be regarded as open to the appellants under their general assignments, we see no reason to doubt that the District Court was right in its conclusion. It was a partnership according to the laws of Florida that had to be shown, not according to the laws of Porto Rico, as the appellants contend.

The District Court held that the schooner had failed, without adequate excuse, to complete performance of the charter-party after making one voyage under it. The amount of damage to the charterers (whoever they were), caused by said failure to make the other agreed voyages, was determined by the court, and a decree entered therefor, with interest and costs. Except as above stated, the appellants have not contended here that any error was committed. If, as we hold, the grounds which have been urged before us are insufficient for reversal, the decree below must stand.

The decree of the District Court is affirmed, with interest, and the appellees recover costs of this appeal.